**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALI ARAR, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>    v.<br><br>GEROVA FINANCIAL GROUP LTD., GARY HIRST, MICHAEL HLAVSA, JOSEPH BIANCO, JACK DOUECK, ARIE VAN ROONE, and KEITH LASLOP,<br><br>       Defendants. | **No. 11 Civ. 03081-RJH** |
| WAYNE T. BONNER, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>    v.<br><br>GEROVA FINANCIAL GROUP LTD., GARY HIRST, MICHAEL HLAVSA, JOSEPH BIANCO, JACK DOUECK, ARIE VAN ROONE, and KEITH LASLOP,<br><br>       Defendants. | **No. 11 Civ. 03796-RJH** |

**MEMORANDUM OF LAW IN SUPPORT OF GEROVA INVESTOR GROUP'S MOTION TO CONSOLIDATE THE RELATED ACTIONS, FOR APPOINTMENT AS <u>LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL BACKGROUND ................................................................................................ 3

ARGUMENT .......................................................................................................................... 5

    I.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED .................................. 5

    II.  THE GEROVA INVESTOR GROUP SHOULD BE
        APPOINTED LEAD PLAINTIFF .................................................................................. 6

        A.  The Gerova Investor Group Is Willing to Serve as a Class Representative ........... 6

        B.  Gerova Investor Group Has The Largest Financial Interest .................................. 7

        C.  The Gerova Investor Group Satisfies the Requirements of Rule 23
           of the Federal Rules of Civil Procedure .................................................................. 8

        D.  The Gerova Investor Group Will Fairly and Adequately Represent
           Interests of the Class and Is Not Subject to Unique Defenses ............................. 10

    III.  LEAD PLAINTIFF'S SELECTION OF COUNSEL
         SHOULD BE APPROVED ........................................................................................ 10

CONCLUSION .................................................................................................................... 11

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Blackmoss Investments, Inc. v. ACA Capital Holdings, Inc.*,
    252 F.R.D. 188 (S.D.N.Y. 2008) .................................................................................5

*Danis v. USN Commc'ns, Inc.*,
    189 F.R.D. 391 (N.D. Ill. 1999) ..................................................................................1

*Davidson v. ETrade Finance Corp.*,
    2008 U.S. Dist. LEXIS 61265 (S.D.N.Y. July 16, 2008) ............................................1

*In re Donkenny, Inc. Sec. Litigation*,
    171 F.R.D. 156 (S.D.N.Y. 1997) ................................................................................1

*Fischler v. Amsouth Bancorporation*,
    176 F.R.D. 583 (M.D. Fla. 1997)................................................................................2

*Gluck v. Cellstar Corp.*,
    976 F. Supp. 542 (N.D. Tex. 1997) ............................................................................2

*Greebel v. FTP Software*,
    939 F. Supp. 57 (D. Mass. 1996) ................................................................................2

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) ......................................................................................1

*Lax v. First Merchant Acceptance Corp.*,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ..............................................2

*Lintz v. Agria Corp.*,
    2008 U.S. Dist. LEXIS 99846 (S.D.N.Y. Dec. 3, 2008) .............................................5

*In re Olsten Corp. Sec. Litigation*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) ........................................................................1, 2

*Osher v. Guess?, Inc.*,
    2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) .............................................1

*In re Oxford Health Plans, Inc. Sec. Litigation*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ..................................................................................2

*Riordan v. Smith Barney*,
    113 F.R.D. 60 (N.D. Ill. 1986) ...................................................................................... 1

*In re UBS Auction Rate Sec. Litigation*,
    2008 U.S. Dist. LEXIS 56016 (S.D.N.Y. July 16, 2008) ............................................... 6

## FEDERAL STATUTES

15 U.S.C. § 78u-4(a)(3)(B) ....................................................................................... *passim*

Fed. R. Civ. P. 23(a)(3) ....................................................................................................... 1

Fed. R. Civ. P. 42(a) ...................................................................................................... 1, 5

Rutland Baker, Bruce Henry, and Eleanore Kram (collectively the "Gerova Investor Group") respectfully submit this memorandum in support of its motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an Order: (1) consolidating all related securities class actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Gerova Investor Group as Lead Plaintiff on behalf of all persons who purchased securities of GEROVA Financial Group, Ltd. ("Gerova" or the "Company"), excluding persons and entities invested in any of the Stillwater Funds[1] (collectively, "Stillwater") and whose interests in Stillwater were liquidated in the transactions between Stillwater and Gerova consummated on or about January 20, 2010, and who (a) submitted a request for redemption of their accounts in the Stillwater Funds before the Stillwater Transactions and have not been paid in full on those redemption requests, and/or (b) received Gerova Series A Preferred Stock, which converted into restricted, unregistered Gerova common stock; (3) approving its selection of the law firm of Pomerantz Haudek Grossman & Gross LLP ("Pomerantz") and Wohl & Fruchter LLP ("W&F") as Co-Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

**PRELIMINARY STATEMENT**

Two securities class actions[2] have been filed in the Southern District of New York on behalf of the Class of investors described above.  Each raises substantially similar allegations:

---

[1] The Stillwater Funds include:  Stillwater Asset Backed Fund, LP; Stillwater Asset Backed Fund II, LP; Stillwater WPB Venture Partners I LP; Stillwater WPB Venture Partners II LP; Stillwater Market Neutral Fund, LP; Stillwater Market Neutral Fund II, LP; Stillwater Matrix Fund LP; Stillwater Real Estate Partners Fund, LP; Stillwater Asset Backed Offshore Fund, Ltd.; Stillwater Asset Backed Fund SPV; SABF II Onshore SPV; Stillwater Market Neutral Fund Ltd.; Stillwater Loan Opportunities Fund, LLC; Stillwater Loan Opportunities Fund, SPC; and Stillwater Market Fund III SPC.

[2] The actions are entitled: *Arar v. Gerova Financial Group Ltd.*, 11 Civ. 03081-RJH; *Bonner v. Gerova Financial Group Ltd.*, 11 Civ. 03796-RJH.  The actions are on behalf of all persons who purchased Gerova securities between January 8, 2010 and February 23, 2011 (the "Class Period").

1

that defendants violated Sections 10(b) and 20(a) of the Exchange Act by issuing false and misleading financial statements during the Class Period.

In addition, three class actions[3] have been filed in the Southern and Eastern Districts of New York on behalf of investors in the Stillwater Funds alleging violations of Sections 14(a) and 20(a) of the Exchange Act and/or state law claims including breach of fiduciary duty, breach of contract, and fraudulent conveyance[4].  The Stillwater Actions revolve around the December 2009 transaction that resulted in Gerova acquiring all of the partnership interests and/or assets of the Stillwater Funds managed by Stillwater Capital Partners, Inc. and Stillwater Capital Partners, LLC.  This transaction closed on or about January 20, 2010.  As consideration for exchanging their Stillwater Funds' investment for shares of Gerova, Stillwater's Investors were to receive unrestricted shares in Gerova.  However, Stillwater investors have not been issued such Gerova shares, and these investors' claims, including the validity of the sale of Stillwater to Gerova are in conflict with those of the Class of investors described above.

Further, the Stillwater Actions are based on a specific Consent Solicitation Letter dated January 5, 2010 (the "Proxy"), which detailed the terms of the agreement between Gerova and Stillwater and was provided to investors of Stillwater to solicit their consent to the merger.

Accordingly, the Stillwater investors should be excluded from these actions, which are on behalf of persons who purchased Gerova securities in the open market during the Class Period.  Moreover, given their inherent conflict, the Stillwater Actions should not be consolidated with these actions.

---

[3] The actions are *Goldberg v. Gerova Financial Group, Ltd.*, 11 Civ. 1385-CBA (E.D.N.Y.); *Russo v. Gerova Financial Group, Ltd., et al.* 11 Civ. 2737-SAS (S.D.N.Y.); and *Hafif v. Gerova Financial Group, Ltd.*, 11 Civ. 3564-SAS (S.D.N.Y.) (collectively the "Stillwater Actions").

[4] The above-captioned actions and the Stillwater Actions are the subject of a motion for transfer to the Southern or Eastern Districts of New York pursuant to 28 U.S.C. § 1407, filed June 16, 2011 and pending before the Judicial Panel on Multidistrict Litigation.

Pursuant to the PSLRA, the Court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The Gerova Investor Group, with losses of $483,873 in connection with its purchases of Gerova during the Class Period, believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff in this action.  The Gerova Investor Group has the largest financial interest in the relief sought in this action by virtue of its substantial investments in Gerova during the Class Period and the losses it suffered as a result of Defendants' misconduct. The Gerova Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as an adequate loss representative with claims typical of the other Class members.  Accordingly, the Gerova Investor Group respectfully submits that it should be appointed Lead Plaintiff.

## FACTUAL BACKGROUND

Gerova was initially organized as a Special Purpose Acquisition Company ("SPAC") under the name Asia Special Situations Acquisitions Corp.  On January 16, 2008, it conducted an Initial Public Offering of 10 million units priced at $11.50 per unit.  Each unit included a warrant as well as a share.  The IPO raised $115 million.  At the time, the Company's stated intent was to acquire an "as yet unidentified business or set of businesses."

On August 11, 2008, Gerova announced it had entered a merger agreement with Chinatel as a first step to listing on the NYSE Euronext Group Exchange (the "NYSE").  Defendants failed to disclose that officers of Gerova had invested in Chinatel through an affiliate, Fund.com Inc., who's Chairman was defendant Joseph Bianco.  This transaction was terminated due to

3

"unresolved regulatory due diligence issues in the People's Republic of China relating to the proposed transaction."

On March 16, 2009, the Company announced a proposed merger with White Energy Technology Company Ltd. ("White Energy"), another company with which Gerova insiders had undisclosed interests.  This transaction was likewise terminated on November 12, 2009, but resulted in payment to Gerova of $3,125,000, consisting of $2,500,000 payable directly to the Company and $625,000 payable to retire 50% of the Company's $1,250,000 line of credit note to an "unaffiliated third party."  The undisclosed "unaffiliated third party" was, in fact, Noble Investment Fund, which was managed by Gerova's then CEO, defendant Gary Hirst.

Throughout the Class Period, defendants made false and misleading statements and failed to disclose material adverse facts about the Company's business, operations, and prospects, including but not limited to the fact that a substantial portion of the assets it acquired pursuant to several transactions in January 2010 were impaired, illiquid, and worth far less than their recorded value; and that some of these acquisitions were with companies controlled by or affiliated with Gerova's Chief Executive Officer and Chief Financial Officer.

On January 10, 2011, Dalrymple Finance LLC published a report (the "Dalrymple Report"), critical of Gerova, labeling it "a game of smoke and mirrors," and specifically questioning the valuation of the assets acquired in January, 2010.  On this news, Gerova shares dropped $1.06 or nearly 4%, to close at $26.98.

On February 10, 2011, after the market closed, the Company announced the resignation of the Company's Chairman of the Board, Chief Executive Officer and Directors.  On this news, Gerova shares declined by $9.31 or 59% over four consecutive trading sessions, to close at $6.39 on February 16, 2011.

On February 23, 2011, the NYSE halted the Company's stock at $5.28 citing the need for "additional information relative to operations, management restructuring, and business plans." On April 18, 2011, the Company announced its intention to delist from the NYSE. Gerova's shares were subsequently delisted on May 9, 2011, and thereafter listed on "Pink Sheets," with a closing price on July 1, 2011 at $0.10 per share.

## ARGUMENT

### I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is appropriate, where as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). *See also* Manual for Complex Litigation (Fourth), § 10.123 (2004).

Moreover, the PSLRA also calls for consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed…." *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc*., 252 F.R.D. 188 (S.D.N.Y. 2008). Here, both of the related actions allege claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, and both stem from Gerova's misrepresentations concerning its assets and the nature of the transactions in which it has engaged. Accordingly, consolidation of the related actions is appropriate. *See, e.g.*, *Lintz v. Agria Corp*., 2008 U.S. Dist. LEXIS 99846 (S.D.N.Y. Dec. 3, 2008) (consolidating actions that all alleged federal securities law violations arising out of defendants' alleged issuance of false and misleading financial statements).

## II. THE GEROVA INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiffs filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re UBS Auction Rate Sec. Litig.*, 2008 U.S. Dist. LEXIS 56016 (S.D.N.Y. July 16, 2008).

As set forth below, the Gerova Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A. The Gerova Investor Group Is Willing to Serve as a Class Representative

On May 5, 2011, counsel in the first filed action against the defendants, styled *Arar v. Gerova Financial Group Ltd.*, Case No. 11 Civ. 03081-RJH, caused a notice ("Notice") to be

6

published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of Gerova securities that they had until July 5, 2011, to file a motion to be appointed as Lead Plaintiff.  *See* Notice attached hereto as Exhibit A.

The Gerova Investor Group has filed the instant motion pursuant to the Notice, and has attached Certifications attesting to  its  willingness to serve as Lead Plaintiff for the Class and to provide testimony at deposition and trial, if necessary.  *See* Certifications attached hereto as Exhibit B.  Accordingly, the Gerova Investor Group satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Gerova Investor Group Has The "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *Davidson v. E*Trade Fin. Corp.*, 2008 U.S. Dist. LEXIS 61265 (S.D.N.Y. July 16, 2008); *In re Donkenny, Inc. Sec. Litig.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997).

As of the time of the filing of this motion, the Gerova Investor Group believes that it has the largest financial interest of any of the movants with regard to the relief sought by the Class.

| Member | Shares Purchased | Cost | Retained Shares | Loss |
|---|---|---|---|---|
| Eleanore Kram | 11,534 | $304,264 | 11,534 | $298,875 |
| Bruce Henry | 6,700 | $52,442 | 6,700 | $49,312 |
| Rutland Baker | 30,000 | $217,500 | 19,500 | $135,685 |
| **Total** | 48,234 | $574,207 | 37,734 | $483,873 |

In total, the Gerova Investor Group suffered losses of $483,873.  *See* Chart attached hereto as Exhibit C.  *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997).  Because Gerova Investor Group possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C. The Gerova Investor Group Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient.  *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v.*

8

*Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Commc'ns, Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). "A class is typical if it arises from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory." *Id.* Indeed, the "similarity of legal theory may control even where factual distinctions exist between the claims of the named representatives and the other class members." *Id.* See *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (The typicality requirement serves to "assure that the interest of the named representative aligns with the interests of the class.") (citation omitted).

The Gerova Investor Group's claims are typical of those of the Class. It alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Gerova, or omitted to state material facts necessary to make the statements they did make not misleading. The Gerova Investor Group, as did all Class members, purchased Gerova securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the

class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)).

The Gerova Investor Group is an adequate representative for the Class. There is no antagonism between its interests and those of the Class and its losses demonstrate that it has a sufficient interest in the outcome of this litigation. Moreover, it has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submit its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### D. The Gerova Investor Group Will Fairly and Adequately Represent Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing the Gerova Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Its ability and desire to fairly and adequately represent the Class has been discussed above. The Gerova Investor Group is not aware of any unique defenses defendants could raise that would render them inadequate to represent the Class. Accordingly, the Gerova Investor Group should be appointed Lead Plaintiff.

### III. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead

Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Gerova Investor Group has selected the Pomerantz law firm and W&F as Co-Lead Counsel. The Pomerantz firm is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firm's resume. *See* Pomerantz Resume attached hereto as Exhibit D. Similarly, the principals of W&F have substantial experience in securities and other complex litigation. *See* W&F Resume attached hereto as Exhibit E. As a result of the firms' extensive experience in litigation involving issues similar to those raised in this action, the Gerova Investor Group's counsel have the skill and knowledge that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Gerova Investor Group's selection of Co-Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Gerova Investor Group respectfully requests the Court to issue an Order (1) consolidating the related actions; (2) appointing the Gerova Investor Group as Lead Plaintiff for the Class; (3) approving the Pomerantz and W&F firms as Co-Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:   July 5, 2011
         New York, New York

                                      Respectfully submitted,

                                      **POMERANTZ HAUDEK**
                                        **GROSSMAN & GROSS LLP**

                                      /s/ Marc I. Gross
                                      Marc I. Gross

Jeremy A. Lieberman
100 Park Avenue
New York, New York 10017
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

**POMERANTZ HAUDEK
  GROSSMAN & GROSS LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

**WOHL & FRUCHTER LLP**
Ethan D. Wohl
570 Lexington Avenue, 16th Floor
New York, New York 10022
Telephone: (212) 758-4000
Facsimile: (212) 758-4004

*Attorneys for Gerova Investor Group*