

Holwell, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALI ARAR, On Behalf Of Himself And All Others Similarly Situated,

    Plaintiff,

v.

GEROVA FINANCIAL GROUP LTD, GARY HIRST, MICHAEL HLAVSA, JOSEPH BIANCO, JACK DOUECK, ARIE VAN ROONE, and KEITH LASLOP,

    Defendants.

Case No.: 1:11-cv-03081 (RJH)
(ECF Case)

**STIPULATION AND ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/11

---

**WHEREAS**, on or about May 5, 2011, Plaintiff Ali Arar, through his counsel, filed a securities class action complaint (the "Complaint") in the above-captioned action against Gerova Financial, Group, et al. ("Gerova"), such action having been styled *Arar v. Gerova Financial Group Ltd, et al.* (11-CIV-03081) (the "Action");

**WEREAS**, Gerova acknowledges that Plaintiff has properly served Gerova with a Summons and the Complaint in accordance Fed. R. Civ. P. 4(c)

**WHEREAS**, Gerova, by and through their undersigned counsel, seek to extend the time within which it must answer, move or otherwise respond to the Complaint;

**WHEREAS**, this is the first request for an extension of time to answer, move or otherwise respond to the Complaint;

**WHEREAS**, Plaintiff, through his counsel, has consented to Gerova's request to extend the time for Gerova to answer, move or otherwise respond to the Complaint;

**WHEREAS**, this stipulation is entered into without prejudice to further extensions;

**WHEREAS**, the Action asserts claims under the federal securities laws that are subject to the Private Securities Litigation Reform Act of 1995 ("PSLRA");

**WHEREAS**, lead counsel and lead plaintiff have not yet been appointed pursuant to Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4;

**WHEREAS**, the parties have conferred regarding the timing of Gerova's response to the Complaint in light of the "Lead Plaintiff" provisions of the PSLRA;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys, that:

1. Gerova shall have no obligation to respond to the Complaint until after the filing of, and the Court's decision and entry of an order on, motion(s) to be appointed as lead plaintiff and after the filing of a Consolidated Complaint.

2. Lead Plaintiff(s) shall have sixty (60) days from the date an order is entered appointing Lead Plaintiff(s) and Lead Counsel to serve and file a Consolidated Complaint.

3. Defendants hall have no less than sixty (60) days after service of any Consolidated Complaint to file and serve an answer, a motion to dismiss or otherwise respond to any such Consolidated Complaint, or shall have no less than sixty (60) days after entry of an order denying consolidation of the Action to respond to the Complaint, if the Court so orders.

4. In the event Defendants move to dismiss the Complaint, Lead Plaintiff shall have sixty (60) days from the date Defendants serve such a motion to serve its opposition papers. Defendants shall have forty five (45) days from the date Lead Plaintiff serves its opposition papers to serve their reply papers.

5. This stipulation and agreement is without prejudice to further extensions.

2

6. For the purposes of this Stipulation, facsimile signatures are deemed to be original signatures.

Dated: August 1, 2011

POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS LLP

Jeremy Alan Lieberman 100 Park Avenue, 26th Floor
New York, NY 10017
Phone: (212) 661-1100
Fax: (212) 661-8665
Email: jalieberman@pomlaw.com
*Counsel for Plaintiff Ali Arar*

SPILLANE WEINGARTEN LLP

Alex M. Weingarten
(pro hac admission pending)
1100 Glendon Ave., Suite 1200
Los Angeles, CA 90024
Phone: (310) 229-9300
Fax: (310) 229-9380
Email: aweingarten@spillaneweingarten.com
*Counsel for Defendant Gerova Financial Group, Ltd.*

SO ORDERED:

Judge Richard J. Holwell, USDJ
8/8/11

3