UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUTLAND BAKER, BRUCE HENRY, ELEANORE KRAM, ALI ARAR, and XIANHUA XU, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>              vs.<br><br>GEROVA FINANCIAL GROUP, LTD., GARY T. HIRST, MICHAEL HLAVSA, JOSEPH BIANCO, JACK DOUECK, ARIE VAN ROON, KEITH LASLOP, RICHARD RUDY, STILLWATER CAPITAL PARTNERS, INC., and STILLWATER CAPITAL PARTNERS, LLC,<br><br>                              Defendants. | Case No. 11 Civ. 3081 (SAS)<br><br>ECF CASE<br><br>**DEFENDANT GARY T. HIRST'S<br>ANSWER TO THE<br><u>AMENDED COMPLAINT</u>** |

Defendant Gary T. Hirst ("Mr. Hirst"), by and through his attorneys, DLA Piper LLP

(US), hereby responds to the Amended Complaint (the "Complaint") of Plaintiffs Rutland Baker,

Bruce Henry, Eleanore Kram, Ali Arar, and Xianhua Xu ("Plaintiffs") as follows:

1.        Paragraph 1 contains a summary of the Complaint to which no response is

required.

2.        Mr. Hirst denies any characterization of the documents referred to in Paragraph 2

of the Complaint that is inconsistent with their terms and respectfully refers the Court to the

documents referred to in Paragraph 2.

3.        Mr. Hirst denies the allegations contained in Paragraph 3 of the Complaint, except

admits that Gerova entered into transactions (collectively referred to as the "Business

Combination") involving, among others, Stillwater Capital Partners, Inc. and Stillwater Capital

Partners, LLC (collectively referred to as "Stillwater"), and Wimbledon Financing Master Fund

Ltd. and Wimbledon Real Estate Financing Fund Ltd. (collectively referred to as "Wimbledon"), and respectfully refers the Court to the contemporaneously filed SEC documents for a true and accurate description of the transactions involved in the Business Combination.

4.      Mr. Hirst denies the allegations contained in Paragraph 4 of the Complaint, except admits that the Business Combination involved Allied Provident Insurance Company Ltd., and respectfully refers the Court to the contemporaneously filed SEC documents for a true and accurate description of the transactions involved in the Business Combination.

5.      Mr. Hirst denies the allegations contained in Paragraph 5 of the Complaint, denies any characterization of the Business Combination that is inconsistent with its terms, and respectfully refers the Court to contemporaneously filed SEC documents for a true and accurate description of the Business Combination's terms.

6.      Mr. Hirst denies the allegations contained in Paragraph 6 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Jason Galanis and Robert Willison contained in Paragraph 6.

7.      Mr. Hirst denies the allegations contained in Paragraph 7 of the Complaint, denies any characterization of the Business Combination that is inconsistent with its terms, and respectfully refers the Court to contemporaneously filed SEC documents for a true and accurate description of the Business Combination's terms.

8.      Mr. Hirst denies the allegations contained in Paragraph 8 of the Complaint.

9.      Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, except admits that Plaintiffs refer to the January 5, 2011 Neil Weinberg article on Forbes.com ("Forbes Blog") and the Dalrymple Finance LLC report ("Dalrymple Report"), and denies any allegations of wrongdoing

contained therein that relate to Mr. Hirst or Gerova.

10.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.     Mr. Hirst denies the allegations contained in Paragraph 11 of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations with respect to Gerova's activities after November 7, 2011.

12.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, except admits that Gerova's stock traded at $0.08 per share at some point in time.

13.     Mr. Hirst denies the allegations contained in Paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint asserts legal conclusions to which no response is required.

15.     Paragraph 15 of the Complaint asserts legal conclusions to which no response is required.

16.     Paragraph 16 of the Complaint asserts legal conclusions to which no response is required.

17.     Paragraph 17 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is necessary, Mr. Hirst denies the allegations.

18.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 20 of the Complaint.

21.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, except admits that Gerova was incorporated in the Cayman Islands at some point in time, that Gerova was incorporated in Bermuda at some point in time, that Gerova's stock did trade on the NYSE at some point in time, and that Gerova's stock has also traded on the pink-sheets.

24.     Mr. Hirst denies the allegations contained in Paragraph 24 of the Complaint, except admits that he was appointed President of Gerova in October 2007, was appointed interim non-executive Chairman of the Board in April 2010, resigned from his officer positions in February 2011, resigned from his director position as of November 7, 2011, and owned shares of Gerova.

25.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, except admits that Arie van Roon ("Roon") was a member of Gerova's board.

26.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, except admits that Michael Hlavsa ("Hlavsa") was formerly Gerova's Chief Financial Officer.

27.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, except admits that Joseph

Bianco ("Bianco") was formerly Gerova's Chief Executive Officer.

28.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, except admits that Keith Laslop ("Laslop") served as a director of Gerova and its Chief Operating Officer at some point in time.

29.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, except admits that Jack Doueck ("Doueck") was a director of Gerova at some point in time.

32.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33.     Mr. Hirst admits that Plaintiffs purport to refer to Doueck, Laslop, Bianco, Hlavsa, Roon and Mr. Hirst as the "Individual Gerova Defendants" and purport to refer to Gerova and the Individual Gerova Defendants as the "Gerova Defendants" in the Complaint.

34.     Mr. Hirst admits that Plaintiffs purport to refer to Stillwater, Doueck and Richard Rudy ("Rudy") as the "Stillwater Defendants" in the Complaint.

35.     Mr. Hirst denies the allegations contained in Paragraph 35 of the Complaint, denies any characterization of the document referred to in Paragraph 35 that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 35, and admits that Gerova was formed in 2007 as a special purpose acquisition company under the

name Asia Special Situation Acquisition Corp., and had its initial public offering in January 2008.

36.    Mr. Hirst denies any characterization of the documents referred to in Paragraph 36 of the Complaint that is inconsistent with their terms and respectfully refers the Court to the documents referred to in Paragraph 36.

37.    Mr. Hirst denies any characterization of the 2009 Form 20-F/A referenced in Paragraph 37 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the 2009 Form 20-F/A referenced in Paragraph 37, and admits that Plaintiffs refer to Doueck's declaration attached to the Complaint as Exhibit G ("Doueck Declaration"), and denies any allegations of wrongdoing contained therein that relate to Mr. Hirst or Gerova.

38.    Mr. Hirst denies any characterization of the Business Combination that is inconsistent with its terms, and respectfully refers the Court to contemporaneously filed SEC documents for a true and accurate description of the Business Combination's terms.

39.    Mr. Hirst denies the allegations contained in Paragraph 39 of the Complaint, denies any characterization of the Business Combination that is inconsistent with its terms, and respectfully refers the Court to contemporaneously filed SEC documents for a true and accurate description of the Business Combination's terms.

40.    Mr. Hirst denies any characterization of the Business Combination that is inconsistent with its terms, and respectfully refers the Court to contemporaneously filed SEC documents for a true and accurate description of the Business Combination's terms.

41.    Mr. Hirst denies the allegations contained in Paragraph 41 of the Complaint, denies any characterization of the Business Combination that is inconsistent with its terms, and respectfully refers the Court to contemporaneously filed SEC documents for a true and accurate

description of the Business Combination's terms.

42.     Mr. Hirst denies the allegations contained in Paragraph 42 of the Complaint, denies any characterization of the document referred to in Paragraph 42 that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 42.

43.     Mr. Hirst denies any characterization of the document referred to in Paragraph 43 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 43.

44.     Mr. Hirst denies any characterization of the document referred to in Paragraph 44 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 44.

45.     Mr. Hirst denies any characterization made in Paragraph 45 of the Complaint concerning the documents referred to in Paragraphs 43 and 44 that is inconsistent with their terms, and respectfully refers the Court to the documents referred to in Paragraphs 43 and 44.

46.     Mr. Hirst denies any characterization of the document referred to in Paragraph 46 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 46.

47.     Mr. Hirst denies the allegations contained in Paragraph 47 of the Complaint.

48.     Mr. Hirst denies any characterization of the documents referred to in Paragraph 48 of the Complaint that is inconsistent with their terms and respectfully refers the Court to the documents referred to in Paragraph 48.

49.     Mr. Hirst denies the allegations contained in Paragraph 49 of the Complaint, except admits that Marshall Manley ("Manley") resigned from his position at Gerova.

50.     Mr. Hirst denies the allegations contained in Paragraph 50 of the Complaint,

denies any characterization of the documents referred to in Paragraph 50 that is inconsistent with their terms and respectfully refers the Court to the documents referred to in Paragraph 50.

51.     Mr. Hirst denies the allegations contained in Paragraph 51 of the Complaint.

52.     Mr. Hirst denies the allegations contained in Paragraph 52 of the Complaint, denies any characterization of the document referred to in Paragraph 52 that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 52.

53.     Mr. Hirst denies any characterization of the documents referred to in Paragraph 53 of the Complaint that is inconsistent with their terms and respectfully refers the Court to the documents referred to in Paragraph 53.

54.     Mr. Hirst denies any characterization of the document referred to in Paragraph 54 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 54.

55.     Mr. Hirst denies any characterization of the documents referred to in Paragraph 55 of the Complaint that is inconsistent with their terms and respectfully refers the Court to the documents referred to in Paragraph 55.

56.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint, denies any characterization of the announcement referred to in Paragraph 57 that is inconsistent with its terms and respectfully refers the Court to the announcement referred to in Paragraph 57.

58.     Mr. Hirst denies the allegations contained in Paragraph 58 of the Complaint.

59.     Mr. Hirst denies any characterization of the document referred to in Paragraph 59

of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 59.

60.     Mr. Hirst denies any characterization of the document referred to in Paragraph 60 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 60.

61.     Mr. Hirst denies any characterization of the document referred to in Paragraph 61 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 61.

62.     Mr. Hirst denies the allegations contained in Paragraph 62 of the Complaint, denies any characterization of the document referred to in Paragraph 62 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 62, and admits that Gerova held its initial public offering in January 2008.

63.     Mr. Hirst denies the allegations contained in Paragraph 63 of the Complaint.

64.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint.

65.     Mr. Hirst denies the allegations contained in Paragraph 65 of the Complaint, denies any characterization of the document referred to in Paragraph 65 that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 65.

66.     Mr. Hirst denies the allegations contained in Paragraph 66 of the Complaint.

67.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint.

68.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69.     Mr. Hirst denies the allegations contained in Paragraph 69 of the Complaint, except admits that Plaintiffs refer to the Forbes Blog, and denies any allegations of wrongdoing contained therein that relate to Mr. Hirst or Gerova.

70.     Mr. Hirst denies the allegations contained in Paragraph 70 of the Complaint.

71.     Mr. Hirst denies any characterization of the Business Combination that is inconsistent with its terms, and respectfully refers the Court to contemporaneously filed SEC documents for a true and accurate description of the Business Combination's terms.

72.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73.     Mr. Hirst denies the allegations contained in Paragraph 73 of the Complaint.

74.     Mr. Hirst denies the allegations contained in Paragraph 74 of the Complaint.

75.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint.

76.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint.

77.     Mr. Hirst denies the allegations contained in Paragraph 77 of the Complaint, denies any characterization of the Business Combination that is inconsistent with its terms, and respectfully refers the Court to contemporaneously filed SEC documents for a true and accurate description of the Business Combination's terms.

78.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint.

79.     Mr. Hirst denies the allegations contained in Paragraph 79 of the Complaint, denies any characterization of the Business Combination that is inconsistent with its terms, and

respectfully refers the Court to contemporaneously filed SEC documents for a true and accurate description of the Business Combination's terms, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Fund.com contained in Paragraph 79.

80.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint.

81.     Mr. Hirst denies the allegations contained in Paragraph 81 of the Complaint.

82.     Mr. Hirst denies the allegations contained in Paragraph 82 of the Complaint.

83.     Mr. Hirst denies any characterization of the document referred to in Paragraph 83 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 83.

84.     Mr. Hirst denies the allegations contained in Paragraph 84 of the Complaint, except admits that Stillwater provided a valuation of its assets to Gerova.

85.     Mr. Hirst denies the allegations contained in Paragraph 85 of the Complaint.

86.     Mr. Hirst denies the allegations contained in Paragraph 86 of the Complaint.

87.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint, except admits that Plaintiffs refer to the Doueck Declaration, and denies any allegations of wrongdoing contained therein that relate to Mr. Hirst or Gerova.

88.     Mr. Hirst denies the allegations contained in Paragraph 88 of the Complaint.

89.     Mr. Hirst denies the allegations contained in Paragraph 89 of the Complaint.

90.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint.

91.     Mr. Hirst denies the allegations contained in Paragraph 91 of the Complaint,

except admits that Plaintiffs refer to the Dalrymple Report, and denies any allegations of wrongdoing contained therein that relate to Mr. Hirst or Gerova.

92.     Mr. Hirst admits that Plaintiffs refer to the Dalrymple Report, and denies any allegations of wrongdoing contained therein that relate to Mr. Hirst or Gerova.

93.     Mr. Hirst admits that Plaintiffs refer to the Doueck Declaration, and denies any allegations of wrongdoing contained therein that relate to Mr. Hirst or Gerova.

94.     Mr. Hirst admits that Plaintiffs refer to the Doueck Declaration, and denies any allegations of wrongdoing contained therein that relate to Mr. Hirst or Gerova.

95.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint, except admits that Plaintiffs refer to the Doueck Declaration, and denies any allegations of wrongdoing contained therein that relate to Mr. Hirst or Gerova.

96.     Mr. Hirst denies any characterization of the documents referred to in Paragraph 96 of the Complaint that is inconsistent with their terms and respectfully refers the Court to the documents referred to in Paragraph 96.

97.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint, except admits that Plaintiffs refer to the Dalrymple Report, and denies any allegations of wrongdoing contained therein that relate to Mr. Hirst or Gerova.

98.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint.

99.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint.

100.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

102.     Mr. Hirst denies the allegations contained in Paragraph 102 of the Complaint.

103.     Mr. Hirst denies any characterization of the document referred to in Paragraph 103 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 103.

104.     Mr. Hirst denies the allegations contained in Paragraph 104 of the Complaint, denies any characterization of the document referred to in Paragraph 104 that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 104.

105.     Mr. Hirst admits that Plaintiffs refer to the Doueck Declaration, and denies any allegations of wrongdoing contained therein that relate to Mr. Hirst or Gerova.

106.     Mr. Hirst denies the allegations contained in Paragraph 106 of the Complaint.

107.     Paragraph 107 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is necessary, Mr. Hirst denies the allegations.

108.     Mr. Hirst denies any characterization of the article referred to in Paragraph 108 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the article referred to in Paragraph 108, and denies any allegations of wrongdoing contained therein that relate to Mr. Hirst or Gerova.

109.     Mr. Hirst denies any characterization of the document referred to in Paragraph 109 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 109.

110.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Complaint, except admits that Manley has instituted one or more lawsuits against Gerova.

111.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint.

112.     Mr. Hirst denies the allegations contained in Paragraph 112 of the Complaint.

113.     Mr. Hirst denies the allegations contained in Paragraph 113 of the Complaint, denies any characterization of the document referred to in Paragraph 113 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 113, except admits that Manley served as Gerova's Chief Executive Officer and Chairman of the Board.

114.     Mr. Hirst denies the allegations contained in Paragraph 114 of the Complaint, denies any characterization of the Business Combination that is inconsistent with its terms, and respectfully refers the Court to contemporaneously filed SEC documents for a true and accurate description of the Business Combination's terms.

115.     Mr. Hirst denies any characterization of the documents referred to in Paragraph 115 of the Complaint that is inconsistent with their terms and respectfully refers the Court to the documents referred to in Paragraph 115, except admits that Stuart Solomons was appointed interim Managing Director in April 2010.

116.     Mr. Hirst denies any characterization of the document referred to in Paragraph 116 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 116, except admits that Gerova announced that Keith Harris would become Gerova's Chairman and Chief Executive Officer effective January 1, 2011, and

that Keith Harris chose to defer his appointment.

117.    Mr. Hirst denies any characterization of the documents referred to in Paragraph 117 of the Complaint that is inconsistent with their terms and respectfully refers the Court to the documents referred to in Paragraph 117.

118.    Mr. Hirst denies the allegations contained in Paragraph 118 of the Complaint.

119.    Mr. Hirst denies the allegations contained in Paragraph 119 of the Complaint, denies any characterization of the documents referred to in Paragraph 119 that is inconsistent with their terms and respectfully refers the Court to the documents referred to in Paragraph 119.

120.    Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint, except admits that a proposed transaction with Seymour Pierce and a proposed acquisition of Ticonderoga Securities did not occur.

121.    Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint.

122.    Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Complaint.

123.    Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Complaint.

124.    Paragraph 124 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is necessary, Mr. Hirst denies the allegations.

125.    Mr. Hirst denies the allegations contained in Paragraph 125 of the Complaint, denies any characterization of the document referred to in Paragraph 125 that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 125.

126.    Mr. Hirst denies any characterization of the document referred to in Paragraph 126 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 126.

127.    Mr. Hirst denies the allegations contained in Paragraph 127 of the Complaint, except admits that Stillwater provided a valuation of its assets to Gerova.

128.    Mr. Hirst denies any characterization of the document referred to in Paragraph 128 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 128.

129.    Mr. Hirst denies any characterization of the document referred to in Paragraph 129 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 129.

130.    Mr. Hirst denies any characterization of the document referred to in Paragraph 130 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 130.

131.    Paragraph 131 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is necessary, Mr. Hirst denies the allegations.

132.    Mr. Hirst denies any characterization of the document referred to in Paragraph 132 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 132.

133.    Paragraph 133 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is necessary, Mr. Hirst denies the allegations.

134.    Mr. Hirst denies any characterization of the document referred to in Paragraph 134 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the

document referred to in Paragraph 134.

135.    Mr. Hirst denies any characterization of the document referred to in Paragraph 135 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 135.

136.    Mr. Hirst denies any characterization of the document referred to in Paragraph 136 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 136.

137.    Paragraph 137 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is necessary, Mr. Hirst denies the allegations.

138.    Mr. Hirst denies any characterization of the document referred to in Paragraph 138 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 138.

139.    Mr. Hirst denies any characterization of the document referred to in Paragraph 139 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 139.

140.    Mr. Hirst denies any characterization of the document referred to in Paragraph 140 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 140.

141.    Mr. Hirst denies any characterization of the document referred to in Paragraph 141 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 141.

142.    Mr. Hirst denies any characterization of the document referred to in Paragraph 142 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the

document referred to in Paragraph 142.

143.    Mr. Hirst denies any characterization of the document referred to in Paragraph 143 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 143.

144.    Mr. Hirst denies any characterization of the documents referred to in Paragraph 144 of the Complaint that is inconsistent with their terms and respectfully refers the Court to the documents referred to in Paragraph 144.

145.    Paragraph 145 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is necessary, Mr. Hirst denies the allegations.

146.    Mr. Hirst denies any characterization of the document referred to in Paragraph 146 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 146.

147.    Mr. Hirst denies any characterization of the document referred to in Paragraph 147 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 147.

148.    Mr. Hirst denies any characterization of the document referred to in Paragraph 148 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 148.

149.    Mr. Hirst denies any characterization of the document referred to in Paragraph 149 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 149.

150.    Mr. Hirst denies any characterization of the document referred to in Paragraph 150 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the

document referred to in Paragraph 150.

151.    Mr. Hirst denies any characterization of the document referred to in Paragraph 151 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 151.

152.    Mr. Hirst denies any characterization of the document referred to in Paragraph 152 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 152.

153.    Mr. Hirst denies any characterization of the document referred to in Paragraph 153 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 153.

154.    Mr. Hirst denies any characterization of the documents referred to in Paragraph 154 of the Complaint that is inconsistent with their terms and respectfully refers the Court to the documents referred to in Paragraph 154.

155.    Paragraph 155 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is necessary, Mr. Hirst denies the allegations.

156.    Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156, except admits that Plaintiffs refer to the Dalrymple Report, and denies any allegations of wrongdoing contained therein that relate to Mr. Hirst or Gerova.

157.    Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157, except admits that Gerova made an announcement regarding its hiring of Kroll.

158.    Mr. Hirst denies knowledge or information sufficient to form a belief as to the

truth of the allegations concerning the price of Gerova's shares, units, and warrants contained in Paragraph 158, denies any characterization of the document referred to in Paragraph 158 of the Complaint that is inconsistent with its terms and respectfully refers the Court to the document referred to in Paragraph 158, and admits that Mr. Hirst resigned his officer positions on February 10, 2011.

159.     Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 of the Complaint.

160.     Mr. Hirst denies any characterization of the documents referred to in Paragraph 160 of the Complaint that is inconsistent with their terms and respectfully refers the Court to the documents referred to in Paragraph 160, and admits that the NYSE halted trading in Gerova shares.

161.     Paragraph 161 contains a summary of the Complaint to which no response is required.

162.     Paragraph 162 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is necessary, Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations.

163.     Paragraph 163 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is necessary, Mr. Hirst denies the allegations.

164.     Paragraph 164 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is necessary, Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations.

165.     Paragraph 165 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is necessary, Mr. Hirst denies the allegations.

166.     Paragraph 166 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is necessary, Mr. Hirst denies knowledge or information sufficient to form a belief as to the truth of the allegations.

167.     Paragraph 167 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is necessary, Mr. Hirst denies the allegations.

168.     Paragraph 168 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is necessary, Mr. Hirst denies the allegations.

169.     Paragraph 169 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is necessary, Mr. Hirst denies the allegations.

### Count I – Section 10(b) of the Exchange Act and Rule 10b-5

### Against the Gerova Defendants

170.     Mr. Hirst refers to his responses to each of the foregoing paragraphs and incorporates them herein.

171-180.     Paragraphs 171-180 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is necessary, Mr. Hirst denies the allegations.

### Count II – Section 20(a) of the Exchange Act

### Against the Individual Gerova Defendants

181.     Mr. Hirst refers to his responses to each of the foregoing paragraphs and incorporates them herein.

182-186.     Paragraphs 182-186 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is necessary, Mr. Hirst denies the allegations.

### Count III – Section 10(b) of the Exchange Act and Rule 10b-5

### Against the Stillwater Defendants

187.     Mr. Hirst refers to his responses to each of the foregoing paragraphs and

incorporates them herein.

188-197.   The Court's April 23, 2012 Opinion and Order ("Order") dismissed this cause of action in its entirety, and, therefore, no response is required to the allegations contained in Paragraphs 188-197 of the Complaint.

## Count IV – Section 20(a) of the Exchange Act

### Against Defendants Doueck and Rudy

198.   Mr. Hirst refers to his responses to each of the foregoing paragraphs and incorporates them herein.

199-203.   The Order dismissed this cause of action in its entirety, and, therefore, no response is required to the allegations contained in Paragraphs 199-203 of the Complaint.

204.   Mr. Hirst hereby denies all allegations contained within the "WHEREFORE" clause on page 55 of the Complaint, and further denies that Plaintiffs are entitled to any relief or damages from Mr. Hirst.

205.   All allegations contained in the Complaint that are not admitted expressly herein are denied.

## DEFENSES

### As a First Defense of Defendant Hirst

206.   Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to bring them.

### As a Second Defense of Defendant Hirst

207.   Plaintiffs are barred from any recovery because they have failed to mitigate the injuries or damages purportedly sustained by Plaintiffs.

### As a Third Defense of Defendant Hirst

208.   Plaintiffs are barred from any recovery by the doctrines of waiver, estoppel or ratification.

As a Fourth Defense of Defendant Hirst

209.   Plaintiffs are barred from any recovery by the doctrine of unclean hands.

As a Fifth Defense of Defendant Hirst

210.   Plaintiffs are barred from any recovery because their purported injuries were caused in whole or in part by the actions or decisions of Plaintiffs or Stillwater.

As a Sixth Defense of Defendant Hirst

211.   The Complaint fails to state a claim against Mr. Hirst upon which relief could be granted.

As a Seventh Defense of Defendant Hirst

212.   Mr. Hirst asserts and expressly reserves all rights with respect to all other affirmative defenses that may be revealed during the course of discovery.

WHEREFORE, Mr. Hirst requests that the Complaint, and all claims alleged therein, be dismissed with prejudice, that Mr. Hirst be awarded the costs, disbursements and attorneys' fees incurred in the defense of this action, and that Mr. Hirst be granted any other, further and different relief as the Court may deem just and proper.

Dated: New York, New York.
   May 7, 2012

DLA PIPER LLP (US)


By:  /s/ Joshua S. Sohn      
  Joshua S. Sohn
  Caryn G. Schechtman
  Farah Lisa Whitley-Sebti
  Michael P. McMahan
  Edwin R. Cortes
  1251 Avenue of the Americas, 27th Floor
  New York, NY  10020-1104
  212.335.4500
  *Attorneys for Defendant Gary T. Hirst*